UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Teresa Ross, *as Personal Representative of the Estate of Myrtle E. Babb*,<br><br>      Plaintiff,<br><br>v.<br><br>Manor Care, Inc., HCR II Healthcare, LLC, HCR III Healthcare, LLC, HCR Healthcare, LLC, and Oakmont West Greenville SC, LLC,<br><br>      Defendants.<br>_____ | C/A No.: 6:13-cv-03328-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court upon Plaintiff's Motion to Compel and/or Leave to File Expert Designation Out of Time pursuant to Fed. R. Civ. P. 37 filed on April 29, 2014. ECF No. 21. Plaintiff's Motion seeks an order compelling Defendants to fully and completely answer certain discovery requests, which relate to the forensic accounting of the nursing homes operations. *Id.*

The Fourth Circuit has clearly delineated its position regarding a district court's ability to implement and enforce discovery parameters. "[A] district court has wide latitude in controlling discovery and . . . its rulings will not be overturned absent a clear abuse of discretion." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) (citations omitted). "A motion to compel discovery is addressed to the sound discretion of the district court." *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986); *see Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion

in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted). "The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Ardrey*, 798 F.2d at 682 (citations omitted).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*

In this case, Plaintiff has certified that she conferred or attempted to confer with Defendants in good faith, stating that "Defendant's counsel has indicated that additional documents would be forthcoming," and "Plaintiff made a good faith effort to resolve this matter through emails between counsel . . . ." ECF No. 21.

Accordingly, after a review of the record in this case, this Court finds that Plaintiff's Motion should be granted. Defendants are instructed to respond to Plaintiff's Requests for Production of Documents Numbers 8, 10, 19, 24, 25, 26, 28, 29, 30, 33, 34, and 35. In addition, this Court will extend Plaintiff's expert designation period. If Defendants fail to comply with this Court's Order, sanctions may be imposed under Rule 37. *See* Fed. R. Civ. P. 37(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is GRANTED. Defendants are ordered to serve discovery responses to Plaintiff's Requests for Production of Documents Numbers 8, 10, 19, 24, 25, 26, 28, 29, 30, 33, 34, and 35 within twenty (20) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Expert Designation Out of Time is GRANTED. Plaintiff shall identify its forensic accounting expert no later than twenty (20) days after receipt of Defendants' discovery responses to Plaintiff's Requests for Production of Documents Numbers 8, 10, 19, 24, 25, 26, 28, 29, 30, 33, 34, and 35.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

May  6 , 2014
Anderson, South Carolina